**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JERRINE HEARRON, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | No. 10-2422-KHV |
| ) | |
| PREMIER MANUFACTURING SUPPORT ) | |
| SERVICES, INC., ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Jerrine Hearron brings suit *pro se* against Premier Manufacturing Support Services, Inc. for discrimination on the basis of race, sex and age in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq. See Employment Discrimination Complaint (Doc. #1) filed July 28, 2010. This matter comes before the Court on Defendant's Motion To Strike Return Of Service And For Leave To File Its Proffered Answer (Doc. #7) filed September 15, 2010 and Defendant's Motion To Set Aside Clerk's Entry Of Default (Doc. #12) filed September 21, 2010. Plaintiff has not responded to either motion. Pursuant to D. Kan. Rule 7.4, the Court will ordinarily grant an unopposed motion without further notice. See D. Kan. Rule 7.4(b).[1] For this reason, and for reasons stated below, the

---

[1] D. Kan. Rule 7.4(b) states as follows:

Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

D. Kan. Rule 7.4(b).

Court sustains both motions.

**I.     Procedural History**

On July 28, 2010, plaintiff filed her *pro se* complaint. See Doc. #1. On July 30, 2010, the Court granted plaintiff leave to proceed *in forma pauperis*. See Doc. #4. On the same day, the Clerk issued the United States Marshal a summons to serve on defendant.

On August 24, 2010, the Marshal filed a return of service. See Doc. #6. The return of service states that on August 3, 2010, the summons and complaint were served on defendant by certified mail at the following address: 3201 Fairfax Trafficway, Kansas City, KS 66105. See id. According to a certified mail receipt which is attached to the return of service, Randall Blessing signed for the delivery on August 3, 2010. See id. at 4.

On September 17, 2010, the Clerk entered default against defendant under Rule 55(a), Fed. R. Civ. P. See Doc. #11. The entry of default states that the return of service indicates service on August 3, 2010, and that defendant failed to plead or otherwise defend. See id.

**II.     Analysis**

**A.     Motion To Strike Return Of Service And Allow Defendant Leave To File Answer**

As noted, the return of service indicates service by certified mail, with Randall Blessing signing for the delivery. See Doc. #6. Defendant asks the Court to strike the return of service because defendant has no affiliation with Blessing. Defendant asserts that it provides janitorial services to portions of the GM Fairfax Assembly Plant at 3201 Fairfax Trafficway in Kansas City, Kansas ("Fairfax plant"). Defendant asserts that the Fairfax plant is a sprawling automobile manufacturing plant which encompasses many acres. Defendant asserts that it has a discrete office within the Fairfax plant and that it has no affiliation with Blessing and has been unable to even

identify a General Motors employee with that name. See Doc. #8 at 1-2. Defendant asserts that the complaint and summons arrived at its office in the Fairfax plant on August 24, 2010.[2]

Pursuant to Rule 4(h)(1)(B), Fed. R. Civ. P., plaintiff may serve defendant "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." In light of defendant's assertion that it has no affiliation with Blessing, and plaintiff's failure to argue otherwise, it appears that service of process was not properly accomplished under Rule 4(h)(1)(B).

Plaintiff could also serve defendant in accordance with state law. See Rules 4(h)(1)(A) and (e)(1), Fed. R. Civ. P. Under Kansas law, plaintiff could serve defendant in one of the following ways:

(1) Serving an officer, manager, partner or a resident, managing or general agent;

(2) leaving a copy of the summons and petition or other document at any of its business offices with the person having charge thereof; or

(3) serving any agent authorized by appointment or by law to receive service of process, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant.

K.S.A. § 60-304(e).[3] In light of defendant's assertion that it has no affiliation with Blessing, and plaintiff's failure to argue otherwise, it appears that service of process was not properly accomplished under K.S.A. § 60-304(e). Because the summons and complaint have not been properly served, the Court will strike the return of service (Doc. #6) filed August 24, 2010.

Defendant asks the Court to grant it leave to file an answer. Although defendant does not

---

[2] Defendant does not describe how the documents arrived in its office.

[3] Service by return receipt delivery on an officer, partner or agent must be addressed to the person at the person's usual place of business. K.S.A. § 60-304(e).

3

state it as much, it apparently wishes to waive service of process and appear in the case. Under the circumstances, the Court sustains defendant's motion. On or before **December 6, 2010,** defendant may file the answer which is attached as Exhibit A to <u>Defendant's Memorandum In Law In Support Of Its Motion To Strike Return Of Service And For Leave To File Its Proffered Answer</u> (Doc. #8) filed September 15, 2010.

### B. Motion To Set Aside Entry Of Default

As noted, on September 17, 2010, the Clerk entered default against defendant for failure to file a pleading or otherwise respond or defend. <u>See</u> Doc. #11.[4] Defendant asks the Court to set aside the entry of default because at the time of the entry (1) it had filed a motion to strike the return of service; and (2) it was not properly served in the case. Pursuant to Rule 55(c), Fed. R. Civ. P., "the court may set aside an entry of default for good cause shown." <u>See</u> Fed. R. Civ. P. 55(c). The good cause required by Rule 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Rule 60(b), Fed. R. Civ. P. <u>See</u> <u>Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.</u>, 115 F.3d 767, 775 n.6 (10th Cir. 1997). Courts disfavor default judgments. <u>See</u> <u>Katzson Bros., Inc. v. United States EPA</u>, 839 F.2d 1396, 1399 (10th Cir. 1988).

As discussed above, defendant was not properly served in the case. Thus, at the time the Clerk entered default, the Court did not have personal jurisdiction over defendant. <u>See</u> <u>Hukill v. Okla. Native Am. Domestic Violence Coal.</u>, 542 F.3d 794, 797 (10th Cir. 2008) (citing <u>Okla. Radio Assocs. v. FDIC</u>, 969 F.2d 940, 943 (10th Cir. 1992)). Under the circumstances, defendant has

---

[4] Pursuant to Rule 55(a), Fed. R. Civ. P., the Clerk must enter default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(a), Fed. R. Civ. P.

4

shown good cause to set aside the entry of default.  See Polaski v. Colo. Dep't of Transp., No. 05-1401, 198 Fed. Appx. 684, 685 (10th Cir. Aug. 2, 2006); Kriston v. Peroulis, No. 09-cv-00909-MSK-MEH, 2010 WL 1268089, at *9-10 (D. Colo. Feb. 19, 2010).  Accordingly, the Court sustains defendant's motion to set aside the entry of default.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Strike Return Of Service And For Leave To File Its Proffered Answer (Doc. #7) filed September 15, 2010 be and hereby is **SUSTAINED.**  The Court hereby strikes the return of service (Doc. #6) filed August 24, 2010.  On or before **December 6, 2010,** defendant may file the answer which is attached as Exhibit A to the memorandum in support of its motion.

**IT IS FURTHER ORDERED** that Defendant's Motion To Set Aside Clerk's Entry Of Default (Doc. #12) filed September 21, 2010 be and hereby is **SUSTAINED.**  The Court hereby sets aside the entry of default (Doc. #11) filed September 17, 2010.

Dated this 29th day of November, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge
